IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ANDREW MILLER**,

      **Petitioner,**

v.                                                                   Case No.: 5:17-cv-04159

**RALPH TERRY, Acting Warden,**
**Mount Olive Correctional Complex**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), and Respondent's Motion to Dismiss, (ECF No. 12). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

As a preliminary matter, the undersigned notes that the record before the Court is well-developed and provides a sufficient basis upon which to resolve this case without need for an evidentiary hearing. *See* Rule 8, Rules Governing Section 2254 Cases. Having thoroughly reviewed and considered the record, the undersigned **FINDS** that Petitioner's § 2254 petition is untimely under the one-year statute of limitations provided in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); that the Petitioner fails to demonstrate any prejudicial harm; and that the claim raised by Petitioner was rendered

1

moot by state court proceedings. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss the Petition, **DENY** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, **DISMISS** this case, and remove it from the docket of the court.

## I.  Relevant Facts and Procedural History

On February 26, 2010, Petitioner pled guilty to charges of Burglary (Count One); Wanton Endangerment with a Firearm (Count Two); Kidnapping under W. Va. Code § 61-2-14(a)(4) (Count Three); and Conspiracy to Commit First Degree Murder (Count Ten) in Case Number 09-F-233-H, pending in the Circuit Court of Raleigh County, West Virginia. (ECF No. 1-3 at 8-9). The remaining counts in the indictment—Counts Four, Five, Six, Seven, Eight, Nine, and Eleven—were dismissed pursuant to a plea agreement. (*Id.* at 8).

On April 19, 2010, pursuant to a different plea agreement signed by Petitioner earlier that day, Petitioner entered a guilty plea in the Circuit Court of Kanawha County, West Virginia to a separate charge of Attempted First Degree Murder with the Use of a Firearm. (*Id.* at 2-6). The Kanawha County Circuit Court immediately sentenced Petitioner to an indeterminate term of three to fifteen years imprisonment. The Kanawha County Circuit Court ordered the sentence "to run **CONCURRENT** with and not consecutive to the sentence imposed by the Circuit Court of Raleigh County, Criminal Number 09-F-233-H, Counts One, Two, Three and Four." (*Id.* at 3).

Petitioner filed the instant action seeking habeas relief in October 2017. (ECF No. 1). In his petition, Petitioner asks this Court to set aside his April 19, 2010 conviction on the basis that the Kanawha County Circuit Court's sentencing order was inconsistent with the terms of Petitioner's April 2010 plea agreement and thereby voided Petitioner's guilty

2

plea. (*Id.* at 1). Specifically, Petitioner claims that the Kanawha County Circuit Court entered an erroneous sentencing order on April 19, 2010 when it misstated Petitioner's counts of conviction in his Raleigh County criminal action. Petitioner points out that he was convicted in Raleigh County of Counts One, Two, Three and ***Ten*** of the Indictment; not Counts One, Two, Three and ***Four*** as stated in the Kanawha County sentencing order. (ECF No. 1 at 1). Relying on a clause in his April 2010 plea agreement which states, "should any party to this agreement fail to meet the terms and conditions of this agreement, then this agreement should terminate as null and void," Petitioner argues that the Kanawha County Circuit Court's error constituted a failure on the part of the State to meet the terms and conditions of the plea agreement and, thus, rendered his plea null and void and his subsequent April 19, 2010 conviction invalid. (ECF Nos. 1 at 1; 1-3 at 5).

Prior to initiating the proceedings in this Court, Petitioner filed an identical state court habeas petition with the Supreme Court of Appeals of West Virginia ("WVSC") in September 2017. (ECF No. 15 at 2, 18). Petitioner also filed a state habeas action in the Circuit Court of Kanawha County on October 10, 2017. (*Id.* at 16). In response to that habeas filing, the Kanawha County Circuit Court issued a Final Order on November 6, 2017. (*Id.*). The Circuit Court acknowledged that it had made a clerical error in the original sentencing order when it stated that Petitioner had pled guilty to Count Four instead of Count Ten. (*Id.*). Consequently, the Circuit Court entered an amended sentencing order that corrected the clerical error. Once the error was rectified, the Circuit Court dismissed Petitioner's habeas petition as moot. (*Id.*). The status of Petitioner's habeas proceeding in the WVSC is unknown.

On November 22, 2017, Petitioner filed a § 1983 complaint in this Court against a number of defendants related to his 2010 conviction in Kanawha County, including his

3

defense attorney, the prosecutor, and the Judge who received his guilty plea and sentenced him. *Miller v. Stucky,* No. 2:17-CV-04398, 2018 WL 4560405, at *2 (S.D.W. Va. Aug. 27, 2018), report and recommendation adopted, No. 2:17-CV-04398, 2018 WL 4558988 (S.D.W. Va. Sept. 20, 2018). In the complaint, Petitioner argued that his 2010 conviction for attempted murder in the Circuit Court of Kanawha County should be overturned due to the same error in the judgment order that Petitioner objects to in this case. *Id.* Petitioner argued that this error means that the parties failed to comply with the terms of his plea agreement and that it was therefore null and void. *Id.* He requested that his conviction be overturned and sought monetary damages from the defendants. *Id.* On September 20, 2018, this Court dismissed Petitioner's § 1983 complaint noting that he was essentially raising a habeas challenge to the validity of his conviction, and as he had not yet exhausted his state court remedies in this regard, consideration of Petitioner's claims as a § 2254 petition was improper. *Id.* at 2.

In March 2018, Respondent submitted a Motion to Dismiss and supporting memorandum in this case. (ECF Nos. 12, 13). Respondent argues that Petitioner's claim is both untimely and unexhausted, and, furthermore, that Petitioner has not demonstrated any prejudice from the clerical error about which he complains. (ECF No. 13 at 1). In April 2018, Petitioner filed a Response to the Motion to Dismiss wherein he disputed Respondent's claims. (ECF No. 15). Petitioner argues that his Petition is not untimely or unexhausted. He states that he filed this petition with the WVSC on September 15, 2017, and has not yet received acknowledgment of his claim from the Supreme Court; thereby, making his claim timely. (*Id.* at 2, 18). Finally, Petitioner asserts that he has demonstrated prejudice given that the State's error was a breach of Petitioner's plea agreement, resulting in a violation of his constitutional rights. (*Id.* at 1-2).

4

## II. Standard of Review

Respondent filed a motion to dismiss, or for judgment against Petitioner on the merits. (ECF No. 12). Although Respondent does not state under which rule he brings the motion to dismiss, given the stage in the proceedings at which it is brought, and the nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). When deciding a motion for dismissal under Rule 12(b)(6), the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.*

## III. Discussion

### *A. Timeliness*

The AEDPA contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The Fourth Circuit has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review, but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

In West Virginia, a petition for appeal must be perfected within four months of entry of the circuit court's order. W. Va. Code § 58-5-4. Here, the conviction that is challenged by Petitioner was entered on April 19, 2010. (ECF No. 1-3 at 3). Therefore, Petitioner had until August 20, 2010 to appeal his conviction. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (when applying Federal Rule of Civil Procedure 6(a),

the one-year limitation period commenced the day after the event triggering the period.). It does not appear from the record that Petitioner filed a direct appeal. Thus, on August 20, 2010, Petitioner's judgment became final, and the AEDPA's statute of limitations began to run, expiring on August 22, 2011 as the 20th fell on a weekend.[1]

Under § 2244(d), the state bears the burden of asserting the statute of limitations as an affirmative defense. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). The petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *See Jumper v. Warden of Broad River Corr. Inst.*, No. CV 1:15-4848-JFA-SVH, 2016 WL 2893988, at *5 (D.S.C. Apr. 25, 2016), report and recommendation adopted, No. CV 1:15-4848-JFA, 2016 WL 2866306 (D.S.C. May 17, 2016); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Here, Respondent stated that Petitioner's § 2254 motion should be dismissed as untimely because Petitioner did not file any federal or state court post-conviction proceedings until March 18, 2015, well after the statute of limitations had expired. (ECF No. 13 at 2, n. 1).

Petitioner in his response provided nothing to refute Respondent's contention, or to show why his federal habeas petition, filed over six years after the AEDPA limitations period expired, was still timely. Petitioner did assert that his petition was timely and unexhausted and pointed to two actions he filed in state court to support this assertion; however, they were filed well after the one-year statutory limitations period had already expired. (ECF No. 15 at 2). First, Petitioner stated that "after months of complaints," his

---

[1] Because he did not appeal his conviction and sentence to the WVSCA, Petitioner is not entitled to the 90-day credit within which he could have sought a writ of certiorari from the United States Supreme Court after the WVSCA's decision. *See Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009); *Harris v. Riley*, No. 0:14-187-MGL, 2015 WL 403202, at *5 n.7 (D.S.C. Jan. 30, 2015); *Daniel v. Trani*, No. 11-cv-03093-BNB, 2012 WL 1857593, at *3 (D. Colo. May 22, 2012); Sup. Ct. R. 13(1). Nonetheless, Petitioner's petition would be untimely even after extending the running of the statute of limitations an additional 90 days.

sentence was amended in Civil Action No. 17-P-383, which was filed on October 10, 2017. (*Id.* at 2, 16). Petitioner also indicated that he filed a state habeas case, attacking his conviction on the same grounds as in this petition, on September 15, 2017. (*Id.* at 2, 18). Moreover, although Petitioner did not mention it, Respondent refers to a state habeas proceeding that was filed by Petitioner in March 2015. (ECF No. 13 at 2, n.1). However, as the AEDPA statute of limitations expired on August 22, 2011, none of these proceedings tolled the limitations period. As such, Petitioner does not describe or include in this petition any state or federal proceeding that he initiated after his 2010 conviction, which acted to toll the AEDPA statute of limitations prior to its expiration on August 22, 2011.

Moreover, Petitioner offers no argument or evidence to demonstrate that his petition falls within an exception to the one-year period of limitations. Accordingly, the undersigned **FINDS** that Petitioner's § 2254 petition is untimely because it was not filed until October 2017, and the AEDPA's statute of limitations had expired for Petitioner's claims on August 22, 2011. (ECF No. 1 at 1).

### B. Lack of Prejudice

Even if Petitioner's instant Petition was not barred by the expiration of the statutory period of limitations, his claim should be dismissed as he fails to allege any actual prejudice. "For reasons of finality, comity, and federalism, habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015) (internal markings omitted). This means that "habeas 'relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict.'" *Hester v. Ballard*, 679 F. App'x 273, 279 (4th Cir. 2017), cert. denied, 138 S. Ct. 124 (2017) (quoting *Davis,* 135 S. Ct. at 2197-98). "Grave

8

doubt exists when, in light of the entire record, the matter is so evenly balanced that the court feels itself in virtual equipoise regarding the error's harmlessness." *Fullwood v. Lee*, 290 F.3d 663, 679 (4th Cir.2002) (internal markings omitted).

Petitioner has not shown how the mistaken reference to Count Four, rather than Count Ten, in his April 2010 Kanawha County Circuit Court sentencing order has resulted in prejudice. In the order, the sentencing court referred to Petitioner's February 2010 guilty plea in the Raleigh County Circuit Court. (ECF No. 1-3 at 3, 8). In so doing, the Court erroneously stated that Petitioner had pled guilty to Count Four in Raleigh County, when in fact he had pled guilty to Count Ten instead. (*Id.*). However, this clerical mistake had no effect on the sentence imposed. Petitioner has not, and surely cannot, show that the error altered his sentence in the Raleigh County Circuit Court, nor can he demonstrate any impact that the error had on his Kanawha County sentence. The Kanawha County Circuit Court did not refer to the Raleigh County sentence in order to calculate Petitioner's sentence for the crime of conviction in the Kanawha County proceeding. The Circuit Court was merely clarifying that Petitioner's sentence was to run concurrently with the sentence imposed in Raleigh County. (ECF No. 1-3 at 3). The undersigned cannot see, and Petitioner has not demonstrated practical effect that resulted from the mistaken reference to Count Four in the Kanawha County sentencing order. As the mislabeling of the Count to which Petitioner pled guilty had no effect on the judgment imposed, the error was harmless and does not establish the prejudice required to succeed on a habeas petition. *See O'Shields v. Smith*, No. 1:13-CV-483, 2014 WL 198328, at *1 (M.D.N.C. Jan. 14, 2014) (holding that, among other issues, the use of an incorrect case number did not entitle the petitioner to habeas relief); *See also United States v. Scott*, 478 F. App'x 789, 791 (4th Cir. 2012) (mislabeling of amount of heroin possessed by plaintiff was merely clerical error as

9

"the error in no way undermines or otherwise affects [plaintiff's] conviction or sentence") (unpublished per curiam opinion); *Tyler v. Clarke*, No. 7:17-CV-00317, 2018 WL 3614219, at *9 (W.D. Va. July 27, 2018) (typographical error mislabeling testimony did not create prejudice)*; Grant v. Obenland*, No. C13-1729-JLR-MAT, 2015 WL 5102497, at *16 (W.D. Wash. July 31, 2015), report and recommendation adopted, No. C13-1729-JLR, 2015 WL 5124036 (W.D. Wash. Aug. 31, 2015) ("despite any clerical errors, of which there were admittedly several, petitioner failed to demonstrate any prejudice arising out of those errors."); *Kidd v. Dir.*, TDCJ-CID, No. CIV-5:02-CV-221, 2005 WL 997313, at *1 (E.D. Tex. Apr. 25, 2005) ("Petitioner bases his challenge on the clerical error made in the cause number, which error was corrected and does not give rise to any constitutional grounds for a writ of habeas corpus.").

In his Response to the Respondent's Motion to Dismiss, Petitioner does contest Respondent's "lack of prejudice" argument by showing some tangible impact of the clerical error; such as, a change in the length of his sentence. (ECF No. 15 at 2-3). Petitioner instead argues that there is indeed prejudicial harm as the error resulted in a breach of the plea agreement he entered. (ECF No. 15 at 3). This argument hinges on a clause in the plea agreement which states that any failure by either party to comply with the terms of the agreement would result in the nullification of the plea bargain. (*Id.* at 11). However, the essential terms of the plea agreement, namely that the state prosecutor would drop Count Two of Petitioner's felony indictment in return for Petitioner's guilty plea under Count One of the indictment, were fully met. (*Id.* at 5-6, 11-12). Thus, Petitioner is simply incorrect that the Circuit Court's clerical error in the sentencing order served to invalidate the plea agreement between Petitioner and the State. As the error did not result in any prejudice and did not invalidate Petitioner's plea agreement, the

10

undersigned **FINDS** that Petitioner fails to state a cognizable claim for habeas relief.

### C. Mootness

To the extent Petitioner continues to complain about the error in the April 19, 2010 sentencing order, itself, that error has now been corrected by state court proceedings, rendering any such claim moot. "To be justiciable under Article III of the Constitution, the conflict between litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969).

In October 2017, Petitioner filed a habeas petition in state court that complained of the same clerical error at issue here. (ECF No. 15 at 16). In November 2017, the Kanawha County Circuit Court ruled on Petitioner's habeas petition, conceding that the earlier sentencing order had referenced an incorrect Count number, and entering an amended sentencing order to correct the error. (*Id.*). Consequently, to the extent Petitioner asks this Court to vacate his sentence based solely on the existence of the clerical error he identified in his original sentencing order, correction of the error renders Petitioner's claim moot. *See e.g. Camp v. State,* No. 3:06-CV-451-3-MU, 2007 WL 710183, at *3 (W.D.N.C. Mar. 6, 2007) ("Because the state trial judge corrected Petitioner's sentence when he became aware of the clerical error on Petitioner's Record

Level Worksheet, Petitioner's first claim is moot and therefore is dismissed."); *Baylor v. Clarke*, No. 1:10-CV-1206 AJT/TCB, 2011 WL 2471116, at *7 (E.D. Va. June 17, 2011) ("the error of which [petitioner] complains was merely clerical; thus, it was subject to correction at any time and, indeed, has been corrected."). As the state court's correction of the clerical error contained in Petitioner's April 2010 sentencing order means that this issue is no longer "live," the undersigned **FINDS** that the petition should be dismissed as moot.

### IV. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), be **DENIED** and **DISMISSED, with prejudice**; and

2. Respondent's Motion to Dismiss, (ECF No. 12), be **GRANTED**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

12

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:**  December 7, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge